IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENERAL FIDELITY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:11-CV-0448-P |
| WFT, INCORPORATED, | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is General Fidelity Insurance Company ("GFIC")'s Application for an Order Requiring Defendant to Provide Security ("Application"). (Docket #1-1.) After careful consideration of the Parties' briefing, the arbitration panel's interim opinion, the pleadings, and the applicable law, the Court concludes a hearing is not necessary. The Court has considered the merits of this Application and, for the reasons stated below, concludes it should be DENIED.

This order addresses whether the Court will require Defendant WFT, Incorporated ("WFT") to provide security to satisfy an underlying arbitration ruling that may be reduced to judgment by this Court. GFIC is a reinsurance company and WFT served as the managing general agent for GFIC's insurance program. By agreement, WFT was obligated to collect the premiums and to tender them to GFIC less WFT's commission amounts. GFIC initiated an arbitration proceeding against WFT on June 6, 2010 to resolve disputes arising from alleged non-payment of certain commission amounts owed by WFT to GFIC under the reinsurance contract.

On January 27, 2011, GFIC filed this Application for security in state court, arguing WFT

should be ordered to post nearly $7 million in security with the court. GFIC argued the security was necessary because "GFIC has grave doubts that the judgment that may later be entered under the arbitrators' award will be satisfied. These doubts are based, in part, on outstanding federal tax liens levied by the Internal Revenue Service against WFT." (Docket #1-1 at 5.) The Application was removed to this Court.

On January 18, 2012, the arbitration panel denied GFIC's claim for approximately $4.5 million in commissions retained by WFT. It granted GFIC's claims for $4,046.62 in retained bonus commissions and $67,022 in pre-award interest (both were undisputed). The arbitration panel stayed GFIC's claim that WFT owes it $2.5 million in commissions based on the October 11, 2011 report that had not been submitted as of the time of the arbitration hearing. (Docket #18 at 18.)

With respect to GFIC's claims that were denied by the arbitration panel, the Court hereby DENIES GFIC's request for security based on those claims.

With regard to the remaining portion of GFIC's Application, the Texas General Arbitration Act provides that a trial court may require security while a case is pending arbitration. The Act states, "(b) During the period an arbitration is pending before the arbitrators or at or after the conclusion of the arbitration, a party may file an application for a court order, including an order (4) to require security for the satisfaction of a court judgment that may later be entered under an award. Tex. Civ. Prac. & Rem. Code Ann. §171.086(b)(4).[1]

GFIC seeks an order to require security from WFT for the $71,068.62 the arbitration panel

---

[1] WFT argues the arbitration panel's interim award renders the Application improper, stating the relief requested is not "appropriate after a determination on the merits have occurred." (Docket #17 at 4.) The plain language of the statute allows a party to file an application even after an arbitration is concluded. The fact that the arbitration panel denied virtually all of GFIC's mature claims does not mean GFIC cannot request security for the remaining *de minimus* amount owed.

determined WFT owed, and which WFT never contested. (Docket #18 at 10, 15-16, 18; Docket #17 at 2; Docket #20 at 2; Docket #21 at 1.) GFIC also requests that the order require WFT to post security on the still-pending approximately $2.5 million slide-payment claim based on the October 11, 2011 report. (Docket #20 at 3.) WFT argues that GFIC's security request for $2.5 million based on a still-pending October 2011 report should not be considered part of the Application because it is a future event. (Docket # 21 at 4.) The arbitration panel stayed its decision on this issue because at the time of the arbitration hearing, WFT did not have access to the commission documents, and therefore was unable to generate a commission report for October 2011.

The Application states it seeks security "to secure a debt justly owed" by WFT. (Docket # 1-1 at 5.) It describes those debts as commissions due by October 21, 2009 and October 21, 2010. (Docket #1-1 at 3.) GFIC asserts it is also seeking security for commissions that were due October 21, 2011. (Docket #20 at 2.) On its face, the Application does not request security for commissions that may accrue, but go unpaid, in the future. GFIC seeks leave to amend its application to cure this defect. The Court hereby GRANTS GFIC's request and considers its Application amended to include a request for security for commissions due October 21, 2011.

The Court is left to determine whether to enter an order requiring WFT to post security based on the $2.5 million pending claim and the $71,068.62 award. Texas law provides that a party may file a security application with the court either during or after the conclusion of arbitration. Tex. Civ. Prac. & Rem. Code §171.086(b)(4). Although the relevant statute does not specify any procedural safeguards a court must take to ensure the fairness of any security, a court should, at a minimum, consider both parties' arguments concerning the "probable validity" of the underlying claims. *See Noteboom v. Gray*, 111 S.W.3d 794, 798 (Ct. App. – Ft. Worth 2003, no pet.).

3

GFIC's arbitration claim for $2.5 million is based on commissions that were allegedly due by WFT on October 11, 2011. In its interim award, the arbitration panel found that WFT did not submit a commission report that year because it did not have "any access to relevant claim records for the purpose of calculating the applicable slide commission report for October 21, 2011." (Docket #18 at 17.) The arbitration panel stayed the hearing on that claim because it was "premature". (Docket #18 at 19.) GFIC cannot establish it is likely to succeed on this claim because it is still too early to present and analyze that claim. GFIC tried to argue the merits of this claim during the arbitration, but was unable to prove its legitimacy at that time. GFIC raised similar claims at the arbitration hearing that were rejected by the panel. GFIC has given this Court no reason to believe this claim is any more legitimate than the others. Not has it given the Court any indication that the arbitration panel is inclined to rule in its favor on this claim. For these reasons, the Court DENIES GFIC's Application with regard to this claim.

Lastly, GFIC also seeks security for the $71,068.62 arbitration award it received. With regard to this security request, GFIC has not given the Court any reason to believe WFT cannot or will not pay this *de minimus* amount. In the past, WFT acknowledged and paid what it owed in slide commissions. WFT acknowledges it owes this amount as well and considers this *de minimus* award a victory. Furthermore, the underlying claim's validity was arbitrated and the panel ruled it was invalid, awarding GFIC the uncontested amount of $71,068.62. Because GFIC has not established it is entitled to security for this amount, the Court DENIES its Application with regard to this claim.

The Court does not doubt WFT will seek recovery of its attorney fees. Further, because there is a reasonable possibility that WFT will recover attorney fees from GFIC, and because that amount could offset any amount owed to GFIC, the Court declines to enter an order requiring WFT to post

4

a security to satisfy a court judgment that may be entered under any such award.

For these reasons, GFIC's Application for Security (Docket #1-1) is hereby DENIED and this action is DISMISSED.

IT IS SO ORDERED, this ___15th___ day of October 2012.

*Jorge A. Solis*
JUDGE JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE